JOHN F. KUENSTLER (SBN 312983)
john.kuenstler@btlaw.com
CAROLINE C. DICKEY (SBN 301721)
caroline.dickey@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile:  (310) 284-3894

Attorneys for Defendants
CRANE USA, INC.; and
DIRK NIEDERMANN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEILA NATHAN, an individual, | Case No. 2:22-cv-08779 |
| Plaintiff, | **DEFENDANTS' PETITION AND NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446** |
| v. | |
| CRANE USA, INC., an Illinois corporation; DIRK NIEDERMANN, an individual; and DOES 1 through 10, inclusive, | **[DIVERSITY JURISDICTION]** |
| | *[Filed concurrently with Declaration of Dirk Niedermann, Declaration of Caroline C. Dickey, Corporate Disclosure Statement, Certification of Interested Parties, Notice of Related Cases, and Civil Cover Sheet]* |
| Defendants. | |
| | Complaint Filed: August 26, 2022 |
| | Trial Date: Not Set |
| | District Judge: TBD |
| | Magistrate Judge: TBD |

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants Crane USA, Inc. and Dirk Niedermann ("Defendants") petition the Court to remove this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446. Defendants make this petition on the grounds that complete diversity of citizenship exists between Plaintiff Leila Nathan ("Plaintiff"), a citizen of California, and Defendants Crane USA, Inc. ("Crane"), a citizen of Illinois, and Dirk Niedermann ("Niedermann"), a citizen of Florida. Further, the amount in controversy exceeds $75,000, and the foregoing facts were also true when Plaintiff filed the Complaint.[1]

## I.   THE STATE COURT ACTION

1.      On August 26, 2022, Plaintiff filed an action against Defendants entitled "*Leila Nathan, an individual, Plaintiff, vs. Crane USA, Inc., an Illinois corporation; Dirk Niedermann, an individual; and Does 1 through 10, inclusive, Defendants*" in Orange County Superior Court, Case Number 30-2022-01277766-CU-CO-CJC. A true and correct copy of the Complaint is attached as **Exhibit A**.

2.      On October 13, 2022, Plaintiff served Notices and Acknowledgments of Receipt on Defendants, including the Summons, Complaint, Civil Cover Sheet, Notice of Case Management Conference, Alternative Dispute Resolution Package, and Proof of Service. True and correct copies of these documents are attached as **Exhibit B**.

3.      On November 2, 2022, Defendants signed these Notices and Acknowledgments of Receipt, effectuating service on November 2, 2022. True and correct copies of the signed Notices are attached as **Exhibit C**.

---

[1] Unless expressly stated otherwise, all facts alleged in this Petition and Notice of Removal are true now and were true when Plaintiff filed the Complaint.

1

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

4.      On November 7, 2022, Plaintiff served Proofs of Service of Summons, along with a Consent to Electronic Service, and a Proof of Service for all three documents. True and correct copies of these documents are attached as **Exhibit D**.

5.      On December 1, 2022, Defendants timely filed and served their Answer to the Complaint in Orange County Superior Court. A true and correct copy of the Answer is attached as **Exhibit E**.

6.      Also on December 2, 2022, Crane timely filed and served a Cross-Complaint against Nathan in Orange County Superior Court. A true and correct copy of the Cross-Complaint is attached as **Exhibit F**.

## II.      REMOVAL IS TIMELY

7.      Once a Notice and Acknowledgment of Receipt has been served, a defendant has twenty days to sign and return the form. Cal. Code Civ. Pro. § 415.30. Service of the summons and complaint is deemed effective on the date the defendant signs. *Id.* A defendant in a civil action has thirty days from the date that service of the summons and complaint is complete to remove the action to federal court. 28 U.S.C. § 1446(b).

8.      As set forth above, Defendants timely signed the Notices and Acknowledgments 20 days after their service, thus effectuating service of the Summons and Complaint on November 2, 2022. Because Defendants filed this removal within thirty days of that date, removal is timely.

## III.      COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

### A.      Plaintiff Is a Citizen of California.

9.      For diversity purposes, a natural person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

10.     Plaintiff is, and at all times relevant to this action was, a citizen of California with her principal place of residence in California. *See* Compl., ¶ 2 ("Crane . . . hired Plaintiff Nathan, a resident of California . . ."). Plaintiff's domicile in California is further established by: (1) her Product Design – Softline – Agreement with Crane, which shows Plaintiff's address as being in Laguna Hills, CA; and (2) her invoices to Crane, which show her company's address as being in Laguna Hills, CA. *See* Declaration of Dirk Niedermann ("Niedermann Decl."), ¶ 5; *see also Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time a suit was filed). Therefore, Plaintiff is a citizen of California.

**B.     Crane Is a Citizen of Illinois.**

11.     For removal purposes, if a party is a corporation, it is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010). This is typically the place where the corporation "maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

12.     Crane is an Illinois corporation with its principal place of business in Itasca, Illinois. (Niedermann Decl., ¶¶ 6-7.) Therefore, Crane is a citizen of Illinois.

**C.     Niedermann Is a Citizen of Florida.**

13.     For diversity purposes, a natural person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

3

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

14.     Niedermann has been living in Naples, Florida since January of 2020. (Niedermann Decl., ¶ 8.)

15.     Niedermann is registered to vote in Florida, pays taxes in Florida, and has a driver's license issued by the State of Florida. (Niedermann Decl., ¶ 9.)

16.     Niedermann intends to remain in Florida indefinitely. (Niedermann Decl., ¶ 10.)

17.     Therefore, Niedermann is and has been a citizen of Florida at all times relevant to this Removal.

18.     Because Plaintiff is a citizen of California, Crane is a citizen of Illinois, and Niedermann is a citizen of Florida, complete diversity among the parties exists.[2]

## IV.     THE JURISDICTIONAL MINIMUM IS SATISFIED

19.     This Court's jurisdictional minimum of an amount in controversy over $75,000 is satisfied.[3]

20.     As an initial matter, Defendants are only required to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 863 (9th Cir. 1996). The Court may, for removal purposes, look to the Complaint and removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

21.     In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, statutory

---

[2] The citizenship of "doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966 (9th Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes).

[3] Defendants discuss the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy exceeds $75,000. In doing so, Defendants do not admit that they are liable for the alleged violations, that Plaintiff is entitled to these damages, or that Plaintiff will be able to recover on any of Plaintiff's causes of action.

4

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

### A.    **Plaintiff Claims in the Complaint That She Is Seeking At Least $750,000.**

22.    The amount in controversy only needs to reach $75,000 for purposes of removal. Here, Plaintiff is seeking "compensatory damages, unpaid wages, premium wages, reimbursements, restitution, disgorgement, penalties, and prejudgment interest according to proof and as set forth throughout this complaint, but in an amount not less than $750,000 . . ." (Prayer, ¶ a.) Therefore, it is clear that the amount in controversy is satisfied for purposes of removal.

23.    However, to the extent further proof of the amount in controversy is needed, Defendants calculate certain categories of Plaintiff's claimed damages below. These calculations do not include the unknown amounts Plaintiff is seeking for commission payments and business expenses. (*See* Compl., ¶¶ 148, 164, 169, 195, 209, 219, 240, and 257.)

### B.    **Unpaid Wages**

24.    Plaintiff estimates that she worked over 4,100 hours for Crane, and that she was not paid any minimum wages. (Compl., ¶¶ 52, 94, 115.)

25.    At the lowest minimum wage rate in California during the applicable period (beginning in 2020), Plaintiff is claiming at least **$53,300** in unpaid minimum wages ($13 x 4,100).

26.    Further, Plaintiff estimates that she worked over 1,100 overtime hours for Crane, and that she was not paid any overtime wages. (Compl., ¶¶ 52, 103.)

27.    At the lowest minimum wage rate in California during the applicable period (beginning in 2020), Plaintiff is claiming at least **$7,150** in unpaid overtime wages ($6.50 x 1,100).

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

## C.     Penalties

28.     Plaintiff seeks waiting time penalties under Labor Code section 203. (Compl., ¶¶ 65, 95, 109, 148, 174.)

29.     Labor Code section 203 provides that if all wages are not timely paid upon termination of employment, the daily wages of the employee will be owed for each day the payment is late, for up to a period of thirty days.

30.     Plaintiff alleges that she is owed waiting time penalties for the full thirty day period. (Compl., ¶¶ 65, 95, 109, 148, 174.)

31.     Using the minimum wage rate in California during the year Plaintiff's engagement ended (2022), Plaintiff is claiming at least **$3,600** in waiting time penalties ($15 x 8 x 30).

32.     Further, Plaintiff seeks civil penalties under Labor Code section 1197.1(a) for failure to pay minimum wages. (Compl., ¶ 96.)

33.     Plaintiff seeks $100 for the first pay period in which she was allegedly paid less than minimum wage, and $250 for each subsequent pay period in which she was allegedly paid less than minimum wage. (Compl., ¶ 96.)

34.     According to Plaintiff, she worked for Crane from October 2020 through March 2022. (Compl., ¶ 94.) Using a conservative estimate of two pay periods per month, Crane is seeking at least **$8,350** in penalties ((1 pay period X $100) + (33 pay periods x $250)).

35.     Further, Plaintiff seeks penalties under Labor Code section 226(e)(1) for failure to provide accurate wage statements. (Compl., ¶ 129.)

36.     Plaintiff seeks $50 for the first pay period in which a violation allegedly occurred, and $100 for each subsequent pay period in which a violation allegedly occurred. (Compl., ¶ 129.)

37.     Using a conservative estimate of two pay periods per month, Crane is seeking at least **$3,350** in penalties ((1 pay period X $50) + (33 pay periods x $100)).

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

38.     Additionally, Plaintiff seeks a penalty of **$750** under Labor Code section 226(f) and (h) for alleged failure to provide requested payroll records. (Compl., ¶ 229.)

39.     Plaintiff also seeks a penalty of **$750** under Labor Code section 1198.5(k) and (l) for alleged failure to provide requested personnel records. (Compl., ¶ 229.)

40.     Finally, Plaintiff seeks a penalty of **$750** under Civil Code section 3344 for alleged improper use of images of Plaintiff. (Compl., ¶ 252.)

**D.     Liquidated Damages**

41.     Plaintiff seeks liquidated damages in an amount equal to unpaid minimum wages and overtime. (Compl., ¶ 117.)

42.     Plaintiff is seeking at least **$60,450** in liquidated damages ($53,300 + $7,150).

**E.     Attorneys' Fees**

43.     Plaintiff seeks to recover attorneys' fees. (Compl., ¶¶ 48, 61, 67, 74, 101, 113, 148, and 252; Prayer, ¶ c.)

44.     When authorized by statute or contract, claims for attorneys' fees are properly considered in determining the amount in controversy. *Gault G/S/, supra*, 142 F.3d at 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

45.     Moreover, the measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002).

46.     As other courts have noted, employment actions often "require substantial effort from counsel." *Id.* A typical hourly rate for employment cases in district courts of California, such as the Central District, is approximately $300 per hour. *See Casey v. ACE Cash Express, Inc.*, 2014 WL2468344, at *5 (C.D. Cal. May 30, 2014). At a relatively low billing rate of only $300 per hour, an attorney would only have to spend

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

250 hours to reach $75,000 in attorneys' fees. An attorney in a single-plaintiff employment action is generally more likely than not to expend over 250 hours between discovery, motion practice (including summary judgment and other pretrial motions), trial preparation, trial, and other case-related activity. *See* Dickey Decl., ¶ 5. Accordingly, to litigate this case through trial at the typical hourly rate for employment wage and hour cases in this district, it is reasonable to anticipate that Plaintiff's attorneys' fees will be at least $75,000 (250 hours x $300 per hour).

## F.    Punitive Damages

47.    Plaintiff seeks an award of punitive damages. (Compl. ¶¶ 164, 210, and 252; Prayer, ¶ d.)

48.    Punitive damages are also included when determining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

49.    California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). An examination of jury awards shows that punitive damages awards alone in these types of cases often exceed the $75,000 amount in controversy requirement. *See, e.g., Yang v. Sui*, 2018 WL 9988423 (San Bernardino County Superior Court) ($2,496,490 award of punitive damages in case involving claims for false promise and breach of fiduciary duty).

50.    Therefore, Plaintiff's claims for punitive damages alone put the amount in controversy above the jurisdictional minimum of this Court.

## G.    Total Claimed Damages

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

51.   Removal is proper as it is more likely than not, based on the allegations in the Complaint and the Petition and Notice of Removal, that the value of Plaintiff's claims exceeds $75,000. *See Sanchez, supra,* 102 F.3d at 404; *see also Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

52.   In sum, **the total amount in controversy is at least $750,000, as alleged by Plaintiff**. (Prayer, ¶ a.)

53.   To the extent further evidence of the amount in controversy is needed, Defendants calculate the total amount in controversy to be at least **$288,450**, as demonstrated below:

| Type of Damages | Amount in Controversy |
| --- | --- |
| Unpaid Minimum Wages | $53,300+ |
| Unpaid Overtime Wages | $7,150+ |
| Waiting Time Penalties | $3,600+ |
| Penalties Under § 1197.1(a) | $8,350+ |
| Penalties Under § 226(e) | $3,350+ |
| Penalties Under § 226(f), (h) | $750 |
| Penalties Under § 1198.5(k), (l) | $750 |
| Penalties Under § 3344 | $750 |
| Liquidated Damages | $60,450+ |
| Attorneys' Fees | $75,000+ |
| Punitive Damages | $75,000+ |
| **Total** | **$288,450** |

## V.   THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 HAVE BEEN SATISFIED

54.   In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

9

DEFENDANTS' PETITION AND NOTICE OF REMOVAL

55.     This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

56.     In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is accompanied by **Exhibits A, B, and D**, which are copies of all process, pleadings, and orders served on Defendants. Moreover, this Notice of Removal is also accompanied by **Exhibits C, E, and F**, which are copies of all pleadings served by Defendants on Plaintiff.

57.     In accordance with 28 U.S.C. section 1446(b), Defendants' Notice of Removal was filed within thirty days after completion of the initial service on Defendants, which was on November 2, 2022.

58.     In accordance with 28 U.S.C. section 1446(d), Defendants will give written notice of the original removal of this action to Plaintiff via its counsel and will file a copy of that Notice with the Orange County Superior Court.

## VI.   CONCLUSION

59.     Because jurisdiction is proper under 28 U.S.C. section 1332 (diversity), Defendants respectfully request that this Court exercise its removal jurisdiction over this action.

60.     If this Court has any questions regarding the propriety of this Notice of Removal, Defendants respectfully request that it issue an Order to Show Cause, so that Defendants may have an opportunity to address such questions.

Dated: December 2, 2022                    **BARNES & THORNBURG LLP**


                                           By:/s/ John F. Kuenstler
                                               John F. Kuenstler
                                               Caroline C. Dickey
                                               Attorneys for Defendants
                                               CRANE USA, INC.; and
                                               DIRK NIEDERMANN

10
DEFENDANTS' PETITION AND NOTICE OF REMOVAL